UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH, INC., and COACH SERVICES, INC.,

    Plaintiffs,

v.    Case No. 11-11689

LIVERNOIS LODGE FUEL, INC. d/b/a Sunoco
Gas Station, 15464 Livernois, Detroit, MI,
FOUAD AJROUCHE, ATTA AJROUCHE,
SUNOCO GAS STATION, and UNKNOWN
DEFENDANTS 1-10 (JOHN DOES)

    Defendants.
                                                    /

**ORDER GRANTING IN PART DEFENDANTS'
EMERGENCY MOTION FOR PROTECTIVE ORDER**

Before the court is an "Emergency Motion for a Protective Order," filed on January 9, 2012, by Defendants Livernois Lodge Fuel, Inc., Fouad Ajrouche, Atta Ajrouche, and Sunoco Gas Station. Plaintiffs Coach, Inc., and Coach Services, Inc., responded on January 11, 2012. Having considered the briefs, the court concludes a hearing is unnecessary. The court will grant the motion in part.

In this action, Plaintiffs contend that Defendants violated various federal and state statutes by offering for sale and/or distributing handbags which allegedly infringed on and diluted Plaintiffs' trademark. Plaintiffs contend that the period of infringement occurred, at least, between January and February 24, 2011. The parties are engaged in ongoing discovery and, on December 16, 2011, defense counsel received Plaintiffs' "Second Interrogatories, Requests for Production, and Requests for Admission." In the discovery requests, Plaintiffs seek information and documentation relative to financial

records and transactions going back to January 1, 2008.  Defendants complain that Plaintiffs' requests are not relevant, and are not reasonably calculated to lead to the discovery of admissible evidence.  (Defs.' Mot. 5.)  Defendants further argue that Plaintiffs are requesting this information for an improper purpose, and that the requests are unduly burdensome as they seek information under too broad of a time frame.  (*Id.*)  Defendants suggest that, at most, Plaintiffs should only be allowed to obtain financial information limited to January 1, 2011 through February 24, 2011, the dates of the alleged infringement.  Defendants further argue that disclosure of some of the requested information is private and should not become public.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  "[T]he decision to issue a protective order is left to 'the broad discretion of the district court in managing the case.'"  *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 903-04 (6th Cir. 2009) (quoting *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989)).

After considering the briefs, the court fundamentally agrees with Plaintiffs that Defendants' financial information is relevant to their claim for piercing the corporate veil, and how the assets and liabilities were treated between Defendants.  The court also agrees that discovery should not be limited to the exact dates alleged in the complaint, as it is possible that Plaintiffs may prove that infringement had been ongoing for a time

before or after the dates alleged.  Nonetheless, the court is persuaded that discovery should not be obtained for the entire period sought by Plaintiffs, which does appear to be a bit broad and unduly burdensome.  The court will therefore allow discovery only back to January 1, 2009.  This time frame, stretching back two years before the alleged infringement currently at issue, should be more than sufficient to determine the propriety of veil-piercing in this case.  Beyond this restriction, though, "good cause" does not exist to issue a protective order.  See Fed. R. Civ. P. 26(c)(1) (stating that district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Finally, the court will not limit the production of Defendants' "private information." To the extent that Defendants continue to be concerned about public dissemination of any private information, including but not limited to credit card numbers, bank accounts, or other personal information, Defendants are instructed to work cooperatively with Plaintiffs to arrive at a stipulated protective order limiting the publication of that information to appropriate individuals.  If agreement cannot be achieved on this issue, Defendants shall contact the court's case manager to arrange for a telephone conference to discuss the areas of disagreement with the court.  Fee shifting will be considered if the court deems either side is demanding or refusing unreasonable terms to a stipulated order.  Accordingly,

IT IS ORDERED that Defendants' Motion for Protective Order [Dkt. #31] is GRANTED IN PART.  The court DIRECTS that the financial information sought in Plaintiffs' "Second Interrogatories, Requests for Production, and Requests for Admission", including financial records (credit cards, credit union accounts, bank

accounts, etc.), financial transactions, and deposition testimony related to such information, but limited to the period of time from January 1, 2009 to the present.

The motion is DENIED in all other respects.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 13, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 13, 2012, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-11689.COACH.Protective Order Grant In Part.wpd